UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT R. ROBINSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>G. GASTELLO,<br><br>　　　　Respondent. | No. 2:19-cv-00453 KJM GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's March 13, 2019 motion to stay proceedings pending exhaustion of his ineffective of assistance of counsel claim. ECF No. 2. On March 22, 2019, the undersigned directed parties to file responsive briefing to the motion. ECF No. 6. On April 22, 2019, respondent filed an opposition. ECF No. 9.

A district court may properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Assuming the petition itself has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140. However, to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his

failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines, 544 U.S. at 277–78. What constitutes good cause has not been precisely defined except to indicate at the outer end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, 544 U.S. at 277- 78, and that "extraordinary circumstances" need not be found. Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005); see also Rhines, 544 U.S. at 279 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner") (internal citation omitted); id. (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations). "But as the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.' We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008), quoting Jackson, 425 F.3d at 661 (internal citations omitted).

      The Ninth Circuit has stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate good cause under Rhines. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). In Blake, the Ninth Circuit held that ineffective assistance of counsel ("IAC") by post-conviction counsel can be good cause for a Rhines stay, however, bare allegations of state post-conviction IAC do not suffice. Id. at 983. The Blake court concluded that petitioner satisfied the good cause standard where he argued that his postconviction counsel "failed to conduct any independent investigation or retain experts in order to discover the facts underlying his trial-counsel IAC claim; namely, evidence that Blake was "subject to severe abuse as a child and suffered from brain damage and psychological disorders. 745 F.3d at 982 (internal quotes omitted). The petitioner supported this argument with extensive evidence, including psychological evaluation reports, a declaration by the private investigator who worked briefly for

his post-conviction attorney, and thirteen declarations from petitioner's family and friends describing his "abhorrent" childhood conditions. Id. at 982-83. The Blake court concluded that the petitioner had met the Coleman/Martinez standard to show good cause under Rhines." Id. at 983-84 & n.7.

Petitioner argues his trial counsel's "failure to investigate, interview, and present any witnesses rendered his assistance ineffective. We had conflict over witnesses that would testify to my whereabouts when these crimes took place, had he interviewed and presented these witnesses, the outcome would have been different." ECF No. 2 at 2. Petitioner argues that he recently discovered this claim, however, without the "discovery information" and the "trial notebook" from his trial counsel, petitioner cannot establish his IAC claim. Id. at 2-3. Petitioner further argues that he is "ignorant of the law" and is requesting the court to "find good cause [due] to my lack of understanding and not having the appropriate documents needed to support my claims." Id. at 3. In the alternative, petitioner "stipulates" to refiling an amended petition including only his exhausted claim for jury misconduct if his motion to stay is denied. Id. at 6 n. 1.

Petitioner has not established grounds for a stay under Rhines. Pursuant to Ninth Circuit precedent, mere ignorance of the law fails to establish good cause. See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) ("To accept that a petitioner's 'impression' that a claim had been included in an appellate brief constitutes 'good cause' would render stay-and-obey orders routine." Moreover, it would "run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'"); see also Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (ignorance of the law does not constitute an excuse from due diligence). Additionally, petitioner was aware of trial counsel's alleged failure at the time of trial when he did not present the witnesses petitioner believed would have established his alibi. As petitioner concedes, he was aware that "his" witnesses would not be called. As respondent points out, such awareness infers he knew something about why the witnesses were favorable; yet petitioner gives no inkling about who these witnesses were/are or what they would say. Accordingly, petitioner provides insufficient details and evidence of his purported IAC claim and instead provides a bare assertion for his claim. Blake, 745 F.3d at 982

("An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.") For these reasons, the undersigned does not find that petitioner has established good cause pursuant to Rhines.

However, the undersigned is cognizant that petitioner is seeking to obtain materials from his trial counsel which petitioner believes will shed more light on the subject of alibi/exonerating witnesses. If, and when petitioner can show a colorable alibi witness case prior to the ruling of this court on the merits of the exhausted jury misconduct claim, the undersigned will reconsider any further request to stay. It will therefore be recommended that petitioner's motion to stay be denied without prejudice.

Petitioner has also not filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will also be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in the dismissal of this action;

2. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district;

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay and hold the petition in abeyance (ECF No. 2) be denied without prejudice; and

2. Petitioner's unexhausted ineffective assistance of counsel claim be stricken from the petition without prejudice to its renewal;

3. In the event this Findings and Recommendations is adopted, Respondent shall answer the petition on Claim 1 within 60 days after the district judge's adoption.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 27, 2019

<u>/s/ Gregory G. Hollows</u><br>UNITED STATES MAGISTRATE JUDGE